UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEAN MARIE WANSER,

     Plaintiff,

v.                                     Case No:  8:14-cv-2512-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff, Jean Marie Wanser, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed memoranda setting forth their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

**B.  Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion.  Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).  However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law.  *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994).  The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability.  20 C.F.R. §§ 404.1520, 416.920.  At step one, the claimant must prove that she is not undertaking substantial gainful employment.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id.* At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id.*

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v).  If the claimant is capable of performing other work, she will be found not disabled. *Id.*   In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989).  There are two ways in which the ALJ may make this determination.

The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the

use of a vocational expert.  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after

the Commissioner meets this burden does the burden shift back to the claimant to show that she is

not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*,

245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff protectively filed an application for DIB on May 24, 2011, and SSI on June 2,

2011, alleging disability beginning June 27, 2010.  (Tr. 155-57, 158-68).  Plaintiff's applications

were denied initially on August 24, 2011, and on reconsideration on October 6, 2011.  (Tr. 90-101,

110-115).  Plaintiff requested a hearing and on February 19, 2013, a hearing was held before

Administrative Law Judge B. T. Amos (the "ALJ"). (Tr. 30-41).  On April 4, 2013, the ALJ issue

an Unfavorable Decision. (Tr. 17-24).  Plaintiff filed a request for review to the Appeals Council,

and submitted new evidence (Tr. 362-78), but the Appeals Council denied review on June 25,

2014.  (Tr. 6-11).  Plaintiff initiated the instant action by filing a Complaint (Doc. 1) on October

6, 2014.  The parties having filed memoranda of law setting forth their respective positions, this

case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, the ALJ found that Plaintiff has not engaged in

substantial gainful activity since June 27, 2010, the alleged onset date.  (Tr. 19).  At step two, the

ALJ found that Plaintiff has the following severe impairments:  remote history of hydrocephalus

status post shunt placement, hypertension, and degenerative disc disease.  (Tr. 19).  At step three,

the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets

or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 15).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." (Tr. 21). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a hair stylist. The ALJ concluded that Plaintiff has not been under a disability from June 27, 2010, through the date of the decision, April 4, 2013. (Tr. 23-24).

## II.      Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ erred by failing to properly consider all of Plaintiff's impairments individually and in combination; and (2) whether new and material evidence submitted to the Appeals Council warrants remand. The Court will address each in turn.

### a) Whether the ALJ erred by failing to properly consider all of Plaintiff's impairments individually and in combination.

Plaintiff argues the ALJ erred by failing to account for Plaintiff's symptoms of chronic headaches, anxiety, and depression when formulating Plaintiff's RFC. (Doc. 27 p. 8). Plaintiff contends that the medical record show well documented chronic and consistent complaints of depression, anxiety, and headaches, but that the ALJ cited to only those progress notes which are silent or do not document these issues. (Doc. 27 p. 6-7). Plaintiff argues that her headaches, anxiety, and mood disorder should have been considered a severe impairment and considered when the ALJ arrived at his RFC assessment. (Doc. 27 p. 7).

In response, Defendant argues that the ALJ specifically considered and discussed Plaintiff's migraines, anxiety, and mood disorders as well as her associated symptoms and limitations, but Plaintiff failed to establish these conditions significantly limited her ability to

work.  (Doc. 29 p. 4).  Defendant contends that the ALJ's RFC finding fully accounts for all of Plaintiff's credible limitations and was properly based on testimonial evidence, objective medical findings, and medical source opinions.  (Doc. 29 p. 5).

The Court begins with Plaintiff's contention that the ALJ erred by failing to find that Plaintiff had additional severe impairments.  According to the Eleventh Circuit, "[n]othing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe," but only that the ALJ considered the claimant's impairments in combination, whether severe or not.  *Heatly v. Comm'r of Soc. Sec.*, 382 F.App'x 823, 825 (11th Cir. 2010).  If any impairment or combination of impairments qualifies as "severe," step two is satisfied and the claim advances to step three.  *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

In this case, at step two, the ALJ found that Plaintiff had three severe impairments: remote history of hydrocephalus status post shunt placement, hypertension, and degenerative disc disease.  (Tr. 19).  After making this finding at step two, the ALJ proceeded with the sequential evaluation analysis, considering whether Plaintiff's impairments or combination of impairments met a listing at step three, and specifying that he considered all of Plaintiff's symptoms in formulating his RFC finding.  As the ALJ found at least some of Plaintiff's impairments "severe" and considered all of Plaintiff's symptoms subsequently in the sequential evaluation, the Court finds no error in the ALJ's decision not to find Plaintiff's symptoms relating to depression, anxiety, and headaches as severe impairments.

While the ALJ did not err by finding these conditions "non-severe," it must still be determined whether the ALJ erred by failing to account for these symptoms when formulating Plaintiff's RFC.  The RFC is the most a claimant is able to do despite her physical and mental

limitations.  20 C.F.R. § 404.1545(a)(1).   In determining whether Plaintiff can return to her past relevant work, the ALJ must determine the Plaintiff's RFC using all of the relevant medical and other evidence in the record.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004); 20 C.F.R. § 404.1520(e).

In this case, the Court finds that the ALJ's RFC finding is supported by substantial evidence as the ALJ properly assessed Plaintiff's objective medical findings, medical source statements, and testimonial evidence.  The ALJ noted that Plaintiff testified that she is unable to work due to daily headaches with worsening headaches occurring once a month that last from one to seven days, that she has symptoms related to depression, but that her daily activities are essentially intact as she gets her children ready for school, fixes her husband lunch, attends to her personal care, and performs chores throughout the day.  (Tr. 22).  The ALJ declined to credit this testimony as to the intensity, persistence and limiting effects of her conditions, a finding Plaintiff does not challenge directly on appeal.

To support his RFC finding the ALJ also cited to evidence in the record showing Plaintiff denied experiencing weakness or fatigue, headaches, or mood changes, such as the records from Plaintiff's visit to Dr. Mercely Devabose in August 2010.  (Tr. 22).  The ALJ noted that Plaintiff denied experiencing headaches in March 2011, and that her hypertension was noted as being under control at that time.  (Tr. 22).  The ALJ acknowledged that Plaintiff complained of experiencing headaches for two weeks in October 2011, but also noted that she reported no other problems and the record is void of evidence of any further treatment.

While Plaintiff points to evidence in the record evidencing her complaints of headaches, anxiety, fatigue, and depress that the ALJ did not specifically address in his opinion, the Court notes that even if substantial evidence supported a more restrictive RFC, a reviewing court must

affirm if the ALJ's RFC finding is supported by substantial evidence. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). While perhaps not perfect, the ALJ's decision is supported by more than a scintilla of evidence and a reasonable person would accept his conclusion as adequate. Thus, the Court will affirm even if the evidence preponderates against the ALJ's findings. *See Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)).

> **b) Whether new and material evidence submitted to the Appeals Council warrants remand.**

On September 13, 2013, five months after the ALJ entered his decision on April 14, 2013, Plaintiff submitted to the Appeals Council medical records from Harry VanLoveren, M.D., from USF Health Hydrocephalus clinic containing an updated CAT scan dated March 27, 2013, showing that after stent insertion, the right ventricle collapsed, but the left ventricle shunt failed to drain. (Tr. 369). Dr. VanLoveren noted that it was unclear whether the pineal cyst is participating in the generation of hydrocephalus . (Tr. 369). Dr. VanLoveren noted that "It is important to note that the patient presented to Dr. Tresser with headaches that resembled a migraine. She was told that her headaches would resolve, but they actively worsened and became more chronic and more prominent after stent insertion." (Tr. 369). Dr. VanLoveren noted that Plaintiff was "disturbed by the symptomology and described herself as 'living in a box' referring to her massively restricted activities to avoid symptomology." (Tr. 370). The Appeals Council received and considered this additional evidence, but found that it did not provide a basis for changing the ALJ's decision. (Tr. 6-9).

Plaintiff argues that the ALJ's decision would have been different if he had the additional evidence at the time he entered his decision. (Doc. 27 p. 5). Defendant responds that the Appeals

Council properly concluded the newly submitted evidence did not provide a basis for changing the ALJ's decision.  (Doc. 29 p. 11).

A claimant is generally permitted to present new evidence at each stage of his administrative process. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1261 (11th Cir. 2007), and 20 C.F.R. § 404.900(b).  Evidence submitted for the first time to the Appeals Counsel is determined under a Sentence Four analysis.  *Id*.  An Appeals Council must consider new and material evidence that "'relates to the period on or before the date of the administrative law judge hearing decision' and must review the case if 'the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.'" *Id*. (20 C.F.R. §§ 404.970(b), 416.1470(b)).  New evidence is considered material and thereby warranting a remand if "'there is a reasonable possibility that the new evidence would change the administrative outcome.'" *Id.*  The Appeals Council is "not required to provide a detailed rationale for denying review."  *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014).

In this case, Plaintiff has failed to show that the newly submitted evidence would have changed the ALJ's decision.  This evidence does not show worsening of Plaintiff's headaches or any work-related limitation.  As Defendant correctly notes, this evidence largely reiterates Dr. VanLoveren's 2005 observations that (1) placement of the shunt had reduced the size of both ventricles, but the ventricles were assymetrical with the left larger than the right; and (2) Plaintiff's continued headaches suggested they were unrelated to hydrocephalus.  (Tr. 261).  These records would not have changed the ALJ's decision and the Court declines to remand this case for the ALJ to consider them.

### III.    Conclusion

The decision of the Commissioner is **AFFIRMED**.  The Clerk of the Court is directed to

enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 11, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties